UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LYNN GABRIEL,

Plaintiff,

v.

BLOCKAS.COM,

Defendant.

Case No.  23-cv-06204-EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION**

Docket No. 43

## I.     INTRODUCTION AND BACKGROUND

Plaintiff requests an order for service by publication upon Defendant Blockas.com because there is no other way to serve the summons and the Amended Complaint on Defendant.  Docket No. 43 ("Mot.") ¶¶ 1, 3.  Defendant runs a cyber currency website at blockas.com.  *Id.*  The Court found that the original defendant, Donald Ramsey, had no affiliation with the Defendant and was a victim of identity theft.  *Id.*  ¶ 4.  Docket No. 43-1, Exh. 1.  Mot.  ¶ 4.  Mr. Ramsey was mistakenly listed on the business registration site called "WHOIS" as the owner of Defendant.  *Id.* ¶ 4.  Defendant then changed its purported owner on WHOIS from Mr. Ramsey to Domains by Proxy, LLC.  *Id.*  ¶ 5.  Docket No. 43-1, Exh. 2.  Domains by Proxy, LLC's address is Tempe, Arizona.  *Id.*  ¶ 12.  However, Plaintiff alleges that he has not found a State in which Defendant is legally licensed or registered in any form to do business.  Mot. ¶ 6.

Plaintiff has not identified any registered agent, officer or director or an office address of Blockas.com or Proxy, LLC.  *Id.*  Following the commencement of the lawsuit, Defendant moved its operations and website to two hosts: Blockas.io and blockas.us.  *Id.*  Defendant closed the website blockas.com, and moved its operation and website to another host under the web address Blockas.io.  *Id.*  ¶¶ 7, 8.  Plaintiff tried to serve Blockas.io's website host with a subpoena, but

United States District Court
Northern District of California

within 24 hours the host shut down the blockas.io site. *Id.* ¶ 9. Docket No. 43-1, Exh. 4. Blockas.com then moved again, this time out of the country to Germany, using the web address blockas.us. *Id.* Within a week of being served with a subpoena by Plaintiff's attorney, Blockas.us was also shut down by its host. *Id.* ¶ 10. Docket No. 43-1, Exh. 5. Plaintiff asserts that Defendant then moved the operation to a third website, bitnotch.io, which is identical to the original blockas.com except for the name change. Docket No. 46 ("ISO") ¶¶ 2-3. Blockas.com and bitnotch.io share the same custodian "Bitgo," and a photo of Donald Ramsey on blockas.com as the operator appeared again on bitnotch.io as the operation. Now, the photo is the same, but is labeled with a new name, Keith Goodman. *Id.* ¶ 4. Defendant shut down all its past websites, and Plaintiff is unaware to where Defendant has moved its operations. *See id.* ¶¶ 7-11. Plaintiff therefore requests to publish the summons in the legal newspaper Arizona Capitol Times, which covers Tempe, Arizona. *Id.* ¶ 14.

## II.    **DISCUSSION**

The Federal Rules of Civil Procedure govern the service of process for individuals within the judicial districts of the United States. An individual may be served by (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Here, Plaintiff alleges that he could not serve Defendant by means listed in Fed. R. Civ. P. 4(e)(2) because he could not identify the Defendant's individual owner, official address, officer, director, or registered agents of the Defendants. Mot. ¶ 6. Plaintiff thus requests service by publication. *Id.* ¶ 14.

Fed. R. Civ. P. 71.1(d)(3)(B) governs service by publication:

> A defendant may be served by publication only when the plaintiff's attorney files a certificate stating that the attorney believes the defendant cannot be personally served, because after diligent inquiry within the state where the complaint is filed, the defendant's place of residence is still unknown . . . Service is then made by publishing the notice—once a week for at least 3 successive weeks—in a newspaper published in the county where the property is located . . .

Fed. R. Civ. P. 71.1(d)(3)(B). Service by publication is the "last resort," and appropriate only where plaintiff cannot ascertain the defendant's whereabouts and his dwelling place or usual place of abode after reasonable diligence. *Sensiva Health, LLC v. Universal Meditech, Inc.,* No. 1:23-mc-00011-SAB, 2023 U.S. Dist. LEXIS 60455 at*8 (E.D. Cal. Apr. 5, 2023). Plaintiff needs to meet two requirements for the court to grant a request of service by publication. Under California law, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner and . . . (1) [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a); *See THC-Orange Cnty. Inc. v. Valdez*, No. 17-cv-01911-LB, 2017 U.S. Dist. LEXIS 75442, 2017 WL 2171185 (N.D. Cal. May 17, 2017). Plaintiff thus must (1) have an affidavit to show a cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action, and (2) show that the party has exercised reasonable diligence. Plaintiff has failed to submit an affidavit, and failed to exhaust all their options in reaching Defendant to show reasonable diligence.

A.      Cause of Action by Affidavit

Plaintiff fails to provide an affidavit or declaration under oath to prove the cause of action exists against Defendant. In the affidavit, Plaintiff "must offer 'independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.'" *See Cummings v. Hale* No. 15-cv-04723-JCS, 2016 U.S. Dist. LEXIS 124262, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (finding that plaintiff did not demonstrate a cause of action because although the plaintiff filed a declaration by her counsel attesting to the efforts taken to locate and serve the defendant, she has not offered any independent evidentiary support, in the form of a sworn statement of facts, to show the causes of action exist.). *See also Castillo-Antonio v. Azurdia,* No. C-13-05709 DMR, 2014 U.S. Dist. LEXIS 113831, 2014 WL 4060219 (N.D. Cal. Aug. 14, 2014) (finding that a plaintiff who refers to his attorney's declaration of facts does not make a sufficient affidavit because the affidavit itself must contain a statement of facts.).

United States District Court
Northern District of California

Here, Plaintiff did not provide a sufficient affidavit. Similar to *Cummings*, Plaintiff's declaration is not a sworn statement of facts that offers independent evidentiary support. *See Cummings v. Hale* No. 15-cv-04723-JCS, 2016 U.S. Dist. LEXIS 124262, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016). Facts asserted in a legal brief are not evidence.

B.      Reasonable diligence

Plaintiff also fails to demonstrate that he has exercised reasonable diligence to reach Defendant because he has not exhausted all options to contact Defendant.

To determine whether a plaintiff has exercised "reasonable diligence," plaintiff's affidavit must establish that he "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances," and show he has exhausted all reasonable efforts to locate the defendant. *Donel, Inc. v. Badalian,* 87 Cal. App. 3d 327, 333 (1978). At least one court has delineated methods a plaintiff can undertake to serve a defendant who appears to only have an on-line presence. In *Pfizer Inc. v. Domains By Proxy*, No. 3:04cv741 (SRU), 2004 U.S. Dist. LEXIS 13030 at*5 (D. Conn. July 13, 2004), the court explained that activity in cyberspace almost always leaves digital crumbs trailing back to the point of physical initiation. *Id.* It stated that at the least, the plaintiff should conduct a minimal investigation to find the physical initiation of the defendant, such as investigating defendant's internet service provider, hosting company, or domain name servicing before servicing defendant by on-line means. *Id.* at 6.

Here, similar to *Pfizer Inc*, Plaintiff should conduct minimal investigations into Defendant's physical presence through web hosts and registration websites before requesting a service by publication. No. 3:04cv741 (SRU), 2004 U.S. Dist. LEXIS 13030 at*5 (D. Conn. July 13, 2004). Plaintiff must exhaust all reasonable efforts to find the address, physical or electronic, of each of the domains. These efforts should include, *inter alia*:

- Trying to obtain registration information from each involved web host. *See e.g.* https://www.bluehost.com/blog/5-proven-ways-to-discover-the-owner-of-a-website (listing 5 ways to find out who built a website).

- Trying to obtain Defendant's registration information from Domains by Proxy, LLC's address at 2155 Warner Rd, Tempe, Arizona (Docket No. 43-1, Exh. 2) and

United States District Court
Northern District of California

4

United States District Court
Northern District of California

any forwarding address obtained through any Change of Address filed with the USPS or demonstrate why that is not feasible.

- Trying to obtain the registration information on Defendant's current and past websites from all website hosts, including Bitgo and other hosts that Plaintiff failed to name in the declaration. Docket No. 46 ("ISO") ¶ 4; See Mot. ¶¶ 9-11.

- Trying to serve Defendant through the admin email (support@blockas.com). Mot. ¶ 12; *See THC-Orange Cnty. Inc* No. 17-cv-01911-LB, 2017 U.S. Dist. LEXIS 75442, 2017 WL 2171185, at *8 (N.D. Cal. May 17, 2017) (finding that plaintiff did not satisfy the reasonable diligence requirement because she failed to allege whether she had defendant's email address and whether she tried to contact him by email); *But* see *Stokes v. Rains*, No. 23-cv-02410-RFL, 2024 U.S. Dist. LEXIS 79917 (N.D. Cal. Apr. 3, 2024) (finding that messaging defendant's online accounts and receiving not response as an important factor for fulfilling the reasonable diligent requirement.). There is also a "contact" portal on Defendant's latest website bitnotch.io. Plaintiff does not allege whether they have tried to serve Defendant through the portal.

The Court DENIES Plaintiff's motion for service by publication with leave to amend. Plaintiff should amend the motion by submitting a sufficient affidavit or declaration under oath and demonstrate that he has exhausted other reasonable options in serving Defendant.

**IT IS SO ORDERED**.

Dated: July 30, 2024

_____
EDWARD M. CHEN
United States District Judge

5